UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN MICHAEL JOSEPH,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN OF MENDOTA, FEDERAL BUREAU OF PRISONS,<br><br>    Respondent. | No.  1:25-cv-00685-CDB (HC)<br><br>ORDER REQUIRING RESPONSE FROM PETITIONER<br><br>**21-Day Deadline** |

Petitioner Dustin Michael Joseph ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  On June 5, 2025, Petitioner filed the instant petition while in custody of the U.S. Bureau of Prisons (BOP) at Federal Correctional Institute -- Mendota, located in Mendota, California.  (*Id.*).

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

review of each petition for writ of habeas corpus.[1]  Pro se habeas corpus petitions are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief."  Habeas Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  *Hendricks*, 908 F.2d at 491.  A petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted."  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

Petitioner did not sign his petition, as required by Rule 11 of the Federal Rules of Civil Procedure and this Court's local rules.  *See* Local Rules 101 and 131(b).

Separately, it is not clear from a preliminary review of the petition that Petitioner is entitled to relief.  He asserts that BOP has miscalculated his sentence and refused to apply earned time credits under the First Step Act (18 U.S.C. § 3632) for which he is and has been eligible to receive.  Although unclear, it appears Petitioner alleges that he is eligible under the FSA for credit toward his service of sentence for the period of time between the date of his sentencing and the date he ultimately was transported to and arrived at a BOP facility.  Petitioner asserts that BOP has wrongfully declined to award him credit for this period of time pursuant to 28 C.F.R. § 523.42, which provides that an inmate is eligible to receive FSA time credits only after he "arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served."  28 C.F.R. § 523.42(a).

The undersigned acknowledges that another judge from this Court and other courts have

---

[1] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

noted the same discrepancy between the operative language of the FSA time credit provisions and 28 C.F.R. § 523.42 and agreed with Petitioner's position that the FSA time credit provisions prevail over 28 C.F.R. § 523.42. *E.g., Jobin v. Warden, FCI-Mendota*, No. 1:23-cv-01700-WBS-SKO (HC), 2024 WL 1367902 (E.D. Cal. Apr. 1, 2024); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp.3d 213 (D. N.H. 2023). However, it remains unclear from the petition the specific time period Petitioner alleges he was improperly deprived of FSA time credits.

Petitioner will be granted leave to file an amended petition that remedies the deficiencies identified above: (1) the petition must be signed/dated, and (2) the petition must identify the date Petitioner arrived at a BOP facility or otherwise identify the time period Petitioner alleges he wrongfully has been deprived of FSA time credits.

**Conclusion and Order**

For the reasons set forth above, within 21 days of entry of this Order, Petitioner shall file an amended petition the remedies the deficiencies identified above.

Any failure by Petitioner to comply with this order will result in a recommendation that the petition be dismissed without prejudice for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **June 6, 2025**                                          _____
                                                                                 UNITED STATES MAGISTRATE JUDGE

3