UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN MICHAEL JOSEPH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF MENDOTA, FEDERAL BUREAU OF PRISONS,<br><br>Respondent. | No. 1:25-cv-00685-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR PETITIONER'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>**14-Day Deadline**<br><br><u>Clerk of the Court to Assign District Judge</u> |

Petitioner Dustin Michael Joseph ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1). On June 5, 2025, Petitioner filed the instant petition while in custody of the U.S. Bureau of Prisons (BOP) at Federal Correctional Institute -- Mendota, located in Mendota, California.  (*Id.*).

**Relevant Background**

On June 6, 2025, following its preliminary screening of the petition, the undersigned ordered Petitioner to file an amended petition to remedy certain identified deficiencies.  (Doc. 4). Specifically, Petitioner did not sign his petition, as required by Rule 11 of the Federal Rules of Civil Procedure and this Court's local rules.  *See* Local Rules 101 and 131(b).  Separately, it is not clear from Petitioner's pleadings that he is entitled to relief.  He asserts that BOP has miscalculated his sentence and refused to apply earned time credits under the First Step Act (18

1

U.S.C. § 3632) for which he is and has been eligible to receive. It appears Petitioner alleges that he is eligible under the FSA for credit toward his service of sentence for the period of time between the date of his sentencing and the date he ultimately was transported to and arrived at a BOP facility. Petitioner asserts that BOP has wrongfully declined to award him credit for this period of time pursuant to 28 C.F.R. § 523.42, which provides that an inmate is eligible to receive FSA time credits only after he "arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served." 28 C.F.R. § 523.42(a). However, Petitioner did not identify in his petition the specific (or even general) time period he alleges he was improperly deprived of FSA time credits.

Petitioner was ordered within 21 days of issuance of the Court's screening order to file an amended petition that remedies the deficiencies identified above. (Doc. 4 at 3). More than 21 days have elapsed and Petitioner has failed to file an amended petition remedying the identified discrepancies.

**A. Failure to Comply/Failure to Prosecute - Governing Legal Standard**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation;

1  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

2  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

3  sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks &

4  citation omitted). These factors guide a court in deciding what to do and are not conditions that

5  must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*

6  *Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

**B. Failure to Comply/Failure to Prosecute - Governing Legal Standard**

8  Here, Petitioner has failed to comply with the Court's orders and Local Rules. Petitioner

9  has filed no response to the Court's order granting him leave to amend his complaint and the time

10  to do so has passed. There are no other reasonable alternatives available to address Petitioner's

11  failure to respond and otherwise obey this Court's orders. Thus, the first and second factors—the

12  expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of

13  dismissal. *Carey*, 856 F.2d at 1440.

14  The third factor, risk of prejudice to Respondent, also weighs fairly in favor of dismissal

15  since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

16  action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). This matter cannot proceed

17  further without Petitioner's participation to prosecute the case with a petitioner that (1) is signed,

18  and (2) identifies the time period Petitioner alleges he improperly has been deprived of FSA

19  credits (Doc. 4 at 2-3; *see supra*). The presumption of injury holds given Petitioner's

20  unreasonable delay in prosecuting this action. Thus, the third factor—a risk of prejudice to the

21  Respondent—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

22  The fourth factor usually weighs against dismissal because public policy favors

23  disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,

24  "this factor lends little support to a party whose responsibility it is to move a case toward

25  disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460

26  F.3d at 1228. Petitioner has not moved this case forward toward disposition on the merits. He

27  has instead failed to comply with this Court's orders and, thus, is impeding the progress of this

28  action. Therefore, the fourth factor — the public policy favoring disposition of cases on their

merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's order granting Petitioner leave to amend and requiring a response from Petitioner cautioned: "Any failure by Petitioner to comply with this order will result in a recommendation that the petition be dismissed without prejudice for failure to comply with a court order." (Doc. 4 at 3). Petitioner was adequately forewarned that the failure to timely file and amended complaint could result in terminating sanctions.

**Conclusion and Recommendation**

For the reasons given above, the Clerk of the Courts is DIRECTED to assign a U.S. District Judge to this action.

And IT IS RECOMMENDED as follows:

1. The Court DISMISS this action for Petitioner's failure to prosecute this action and to comply with the Court's orders (*see* E.D. Cal. Local Rule 110); and

2. The Clerk of the Court be DIRECTED to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

///

///

///

///

1  A party's failure to file any objections within the specified time may result in the waiver
2  of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).
3  IT IS SO ORDERED.

4  Dated:  **July 7, 2025**

5  UNITED STATES MAGISTRATE JUDGE